[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT PARK'S MOTION TO STRIKE
On June 20, 1994, the plaintiffs, Lorraine Hall and Margaret Foss, filed a four count revised complaint against the defendants, Winsted Savings Bank [hereinafter "defendant-bank'], John H. Parks [hereinafter "defendant-attorney"], and Kenneth W. Washburn. Count one alleges fraud by the defendant-attorney, count two alleges negligence by the defendant-attorney, and count three alleges negligence against Kenneth W. Washburn. Count four alleges a violation of General Statutes § 36-9k et seq. against the defendant-bank.
On July 26, 1994 the defendant-bank filed a two-count third party complaint, against the defendant-attorney, which on August 22, 1994 he moved to strike on the grounds that said complaint was not properly instituted under Practice Book § 117 and fails to state a claim upon which relief can be granted.
The defendant-attorney argues that the defendant-bank's third party complaint should be stricken, because the defendant-bank filed and served upon the defendant-attorney a third party complaint, without seeking the court's permission to do so, and without serving a writ and summons upon the defendant-attorney along with the third party complaint.
Practice Book § 117 provides, in pertinent part, that:
 A defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. (emphasis added)
It is undisputed that the defendant-bank filed and served upon the defendant-attorney a third party complaint, without seeking the court's permission to do so, and without serving a writ and summons upon the defendant-attorney along with the CT Page 11615 third party complaint. Moreover, the defendant-attorney is already a party to the above-captioned action, and the allegations contained in the "third party complaint" arise out of the same transactions as those alleged in the plaintiffs' complaint. The defendant-bank could have set forth its allegations against the defendant-attorney in a cross-claim pursuant to Practice Book § 116.
Motion to Strike third party complaint granted.
Wagner, J.